IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| Margaret Jones, * | |
| Plaintiff, * | |
| vs. * | CASE NO. 4:13-CV-446 (CDL) |
| St. Francis Hospital, Inc., * | |
| Defendant. * | |
| * | |

O R D E R

Plaintiff Margaret Jones claims that Defendant St. Francis Hospital, Inc., engaged in unlawful employment practices, including racial discrimination and retaliation for complaining about such discrimination. Plaintiff asserts that the decisionmaker for the Defendant, Elisabeth Tippins, may have made telephone calls or sent text messages containing information relevant to Plaintiff's claims. Therefore, Plaintiff served a subpoena on Verizon Cellco Partnership to produce "[a]ll itemized reports of all incoming and outgoing calls, text messaging, and any and all data for cell phone number [redacted] under the account of Elisabeth Tippins for the time period covering April 1, 2012 through January 31, 2014." Mot. to Quash Subpoena to Produc. Docs. Ex. A, Subpoena 3, ECF No. 18. Defendant and Tippins filed a motion to quash the

subpoena, claiming that it is overly broad, that it seeks information that is not relevant to this action, and that it unduly invades Tippins's privacy.  In a previous Order, the Court directed Verizon to produce the subpoenaed records to the Court for in camera inspection.  Verizon has complied.

Verizon produced a disc that includes the following information: (1) a 198 page document (in PDF format) with phone call records including the phone number of the other caller, the date and time of the call, the duration of the call, and the geographic location of each caller; (2) an Excel document recording 1,492 text messages, including the phone numbers of each messenger, the date and time that the message was sent, the date and time that the message was delivered, and the geographic location of the network that serviced the message; and (3) an Excel document recording 2,398 phone calls, that includes the phone numbers of each caller, the date and time of the call, the duration of the call, and the geographic location of the network that serviced the call.

None of the information produced by Verizon includes the content of any call or message or the name of the persons who were parties to the call or message.  Therefore, the only relevance of the information would be to show the time and date of a call or message, or the phone number of the other participant to a call or message.  The Court finds that

2

Plaintiff should not be permitted to scour all of Tippins's telephone and text message records for a nearly two year period when it is unlikely that the information will be relevant to this action.  Disclosure of this information is not warranted, unless Plaintiff narrows her requests.  Specifically, Plaintiff must narrow her request to shorter spans of time and explain why the mere fact that a call or message occurred, without the content of that call or message, is likely to lead to relevant evidence.

     The Clerk is directed to deliver to Defendant's counsel the materials received from Verizon, and Defendant's counsel shall maintain custody of those materials until this litigation is concluded.  Upon delivery to Defendant's counsel, the Clerk shall have no further responsibility for maintaining custody of the materials that were produced for in camera inspection.  If Plaintiff continues to believe that the materials produced by Verizon contain discoverable information, notwithstanding the absence of any content for any of the calls or messages, Plaintiff shall serve upon the Defendant a narrowly tailored request for production, as outlined above.  Any request by Plaintiff shall be served upon the Defendant within 7 days of this Order, or it will be waived.  Defendant shall have 14 days to respond to the request either by producing a redacted copy of the materials sought in the request or by filing an objection to

3

the request with an explanation of the basis for the objection. If Defendant does not object to the entirety of the request, Defendant shall produce the materials to which no objection is made and object only to those materials for which it has a good faith objection.

IT IS SO ORDERED, this 12th day of December, 2014.

S/Clay D. Land<br>
CLAY D. LAND, CHIEF JUDGE<br>
UNITED STATES DISTRICT COURT<br>
MIDDLE DISTRICT OF GEORGIA